# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————————— ) | |
| **JORGE IVAN VALENCIA OSORNO** ) | |
| Petitioner ) | |
| v. ) | |
| ) | **C.A. No. 25-11592-NMG** |
| **PATRICIA HYDE, Field Office Director;** ) | |
| **MICHAEL KROL, HSI New England Special** ) | |
| **Agent in Charge; TODD LYONS, Acting** ) | |
| **Director U.S. Immigrations and Customs** ) | |
| **Enforcement; and KRISTI NOEM, U.S. Secretary** ) | |
| **of Homeland Security,** ) | |
| Respondents ) | |
| ———————————————————— ) | |

## PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND REQUST FOR INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

### INTRODUCTION

The Petitioner, **Jorge Ivan Valencia Osorno**, was wrongly detained and is currently in federal custody being detained by U.S. Immigration and Customs Enforcement (ICE) in Stafford County Correctional Facility in Dover, New Hampshire. He has been held in custody since May 31, 2025 and was transferred to Dover, New Hampshire in direct violation of the Court's order dated June 2, 2025. The Plaintiff entered the United States November, 2003 and has not left the country since his entry. Prior to his unlawful detention, he lived in East Boston, Massachusetts. He has a thirteen (13) year old U.S. Citizen daughter who he supports. Prior to being detained, the Plaintiff worked and lived in Massachusetts for over two decades. In addition to unlawfully detaining and relocating the Plaintiff to a facility outside Massachusetts in violation of the Court's order, the Defendants issued an unlawful Notice and Order of Expedited Removal against the Plaintiff and seek to remove him from this country in violation of law. The Plaintiff seeks immediate release from ICE custody and an order from this Court declaring the Notice of

Order of Expedited Removal to be unlawful and in violation of law. The Plaintiff further seeks

an order preventing the Defendants from removing the Plaintiff from the United States and, to

the extent they wish to pursue his removal to place him in removal proceedings pursuant to 8

U.S.C. § 1229a.

## JURISDICTION

1.     This action arises under the Constitution of the United States and the Immigration and

Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28

U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution

(Suspension Clause).

3.     This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*,

the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C.

§ 1651.

## VENUE

*4.*      Venue is proper because Petitioner was detained by ICE in Burlington, MA on June 2,

2025, at the time the original Writ of Habeas Corpus was filed. The Plaintiff has lived in

Massachusetts for over two decades and has a 13 year old U.S. Citizen daughter who, prior to his

detention, he supported. A substantial part of the events or omissions giving rise to his claims

occurred in this District and the Defendants moved the Plaintiff outside Massachusetts in direct

violation of this Court's order dated June 2, 2025.

## PARTIES AND FACTS ALLEGED

5.     The Petitioner, **Jorge Ivan Valencia Osorno**, is a native and citizen of Colombia who

entered the United States without inspection in 2003. He has remained in this country since then.

2

Prior to his detention, he resided in East Boston, Massachusetts. He has a 13 year old U.S. Citizen daughter.

6.      Respondent, **Patricia Hyde**, is the New England Field Office Director for U.S. Immigration and Customs Enforcement which is the agency that apprehended and detained the Petitioner. The Respondent's principal place of business is located in Burlington, MA where the Petitioner was detained when he filed his Petition for Writ of Habeas Corpus.

7.      Respondent, **Michael Krol,** is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement.

8.      Respondent, **Todd Lyons,** is the Acting Director for U.S. Immigration and Customs Enforcement.

9.      Respondent, **Kristi Noem,** is the U.S. Secretary of Homeland Security.

10.     All respondents are named in their official capacities.

11.     Petitioner is currently in the custody of the Respondents and one of the Respondents is his immediate custodian.

12.     The Petitioner was detained without cause by ICE agents on May 31, 2025. On June 2, 2025, the Petitioner filed this action to prevent the Defendants from moving him to a facility outside Massachusetts and to prevent his immediate removal from this country. On June 2, 2025, the Court issued an order staying the Petitioner's transfer outside of Massachusetts or removing him without providing prior to notice to the Court. *See Court Order page 3.* The Court's order was served on the Defendants and they were aware of the requirements set forth in the order to not move the Petitioner outside Massachusetts without notice. Despite the Court's order prohibiting the Defendants from moving the Petitioner outside Massachusetts, he is currently being detained at the Strafford County Correctional Facility in Dover, New Hampshire.

13.    In addition to unlawfully detaining the Petitioner and purposely violating this Court's order to not relocate him outside the Court's jurisdiction, the Defendants served the Petitioner with a Notice and Order of Expedited Removal. A copy of the Order is attached hereto as Exhibit A.

14.    Ordinarily, people arrested by ICE are served a Notice to Appear ("NTA") and placed into removal proceedings in the Immigration Court under 8 U.S.C. § 1229a.  Removal proceedings contain certain procedural protections required by the applicable statutes and regulations and provide for various forms of relief.  The person attends hearings before an Immigration Judge, is eligible to seek release from custody on bond and, if he or she is found removable, may apply for various forms of relief from removal.  The decision of the Immigration Court is subject to appellate review by the Board of Immigration Appeals (the "BIA") and then via a petition for review to U.S. Court of Appeals.  While the removal proceeding is pending, people without a criminal record or involvement in terrorism are constitutionally entitled to a bond hearing with certain procedural protections, which may result in their release for the pendency of the proceeding.  *See* 8 U.S.C. § 1226; *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (for Section 1226(a) detainees, due process requires a bond hearing in which government bears burden of proof to show flight risk or dangerousness); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment of same).

15.    In certain narrow circumstances, there is an alternative process called Expedited Removal. *See* 8 U.S.C. § 1225(b).  Expedited Removal orders are issued without the typical process in the Immigration Court.  Expedited removal orders are issued by an immigration enforcement official, not by an Immigration Judge.  Expedited removal orders are not subject to appeal to the BIA and U.S. Court of Appeals.  The potential forms of relief from the expedited removal process are much narrower and essentially require a showing of credible fear of return to the destination country,

and adverse findings on credible fear are subject only to a limited review by an Immigration Judge without further review by the BIA. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 *U.S.C. § 1225.*

16.    One important limitation on Expedited Removal is that, as a matter of law, it cannot be applied to people who have been present in the United States for two years or more. *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (expedited removal limited to noncitizens who, among other things, have "not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph").

17.    Petitioner has lived in the United States since 2003 after he entered the country without inspection. He has a 12 year old U.S. Citizen daughter, has worked for the same employer for 14 years, has filed tax returns and paid taxes, and has never in his life been charged with or convicted of a crime. The Defendants issued an unlawful Expedited Removal order, and are currently detaining the Petitioner subject to mandatory detention pursuant to that unlawful order.

18.    Because Petitioner has been present in the United States for longer than two years, it is unlawful for the government to order him to be subjected to Expedited Removal or detain him on that basis.

19.    Because Petitioner was unlawfully issued an immediate Expedited Removal order, he was never issued an NTA and he has been unlawfully denied all required process in the Immigration Court, the potential for release from custody on bond, all potential appeals from that process, and access to certain forms of relief from removal that would be potentially available in the Immigration Court.

20.     Because Petitioner was unlawfully issued an Expedited Removal order, he is being unlawfully denied access to a bond hearing and potential release on bond. The Petitioner now seeks release from his unlawful detention and also requests that his Honorable Court rule the Defendants' Expedited Removal order to be unlawful.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Court Order

21.     The Petitioner repeats and re-alleges the allegations in paragraphs 1through 20 above and incorporates them herein by reference.

22.     The Defendants moved the Petitioner to a detention facility outside Massachusetts subsequent to the Court's order dated June 2, 2025 without notifying the Court as required by the Order. Because the Court ordered the Defendants to detain the Petitioner within the court's jurisdiction prior to when the Defendants violated that order, this court should retain jurisdiction over all issues raised in this Petition.

23.     The Petitioner seeks an order preventing the Defendants from further relocating the Petitioner without court authority and further ordering his immediate release from his unlawful detention.

### COUNT TWO
### Violation of Fifth Amendment Right to Due Process

24.     The Petitioner repeats and re-alleges the allegations in paragraphs 1through 20 above and incorporates them herein by reference.

25.     Petitioner is currently being detained and subjected to Expedited Removal in violation of his constitutional right to due process of law.

26.     Petitioner cannot be detained for, or subjected to, Expedited Removal because he has been continuously present in the United States for greater than two decades.

27.     The Expedited Removal statute largely "precludes judicial review," and therefore challenges to "confinement and removal" under that statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

28.     Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to the length of his presence in the United States, that limitation violates the Suspension Clause and is void and without effect.

29.     Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that people have been present for less than two years, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

30.     Even assuming Petitioner is eligible for detention for removal proceedings, he has not been served with any NTA to initiate any such proceedings, and he has not been provided any opportunity to receive a bond hearing to which is he entitled during any such proceedings. The

only current basis for Petitioner's detention and potential deportation—Expedited Removal—is one that categorically does not apply to him.

## **PRAYERS FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)     Assume jurisdiction over this matter;

(2)     Order that Petitioner shall not be further transferred outside the District of Massachusetts or to any other jurisdiction without notice and hearing;

(3)     Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4)     Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5)     Declare that the Defendants' Notice of Order of Expedited Removal to be unlawful and in violation of law and striking that Order;

(6)     Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately;

(7)     Issue an order against the Defendants declaring that to the extent they wish to pursue his removal to place him in removal proceedings pursuant to 8 U.S.C. § 1229a;

(8)     Awarding the Petitioner all costs and reasonable attorney's fees associated with this matter; and

(9)     Grant any further relief this Court deems just and proper.


**Respectfully submitted,**
**Jorge Ivan Valencia Osorno**

**By his attorney,**


**/s/ Anthony Drago, Esq.**
**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**(617) 357-0400**
**Anthony@adragopc.com**